UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                                   Case No. 18-44575

BARBARA ANN HAMILTON,                      Chapter 7

           Debtor.                                           Judge Thomas J. Tucker
_____/

## ORDER DENYING, WITHOUT PREJUDICE, MOTION TO REOPEN CASE

       This case is before the Court on a motion, purportedly filed by the Debtor, entitled "Motion to Reopen Chapter 7 Case to Allow Filing of Motion to Excuse Filing of Certificate of Completion of the Financial Management Course and Waiver of Filing Fee" (Docket # 20, the "Motion"). This case was closed without a discharge on July 10, 2018. The Motion seeks to reopen the case so that the Debtor can file a Certificate of Completion of Financial Management Course. But the Motion, which was filed on March 12, 2019, states that the Debtor died on January 15, 2019.

       The Motion must be denied because it was not filed by or on behalf of anyone with standing to seek the relief sought. It is stated to be a motion by the Debtor, but that is impossible, since the Debtor died in January, two months before the Motion was filed. And the deceased Debtor's attorney does not have standing or authority to file a motion on behalf of a deceased debtor.

       Only a personal representative duly appointed by the probate court under the laws of the State of Michigan may file a motion seeking relief on behalf of the deceased Debtor, Barbara Ann Hamilton. *See In re Hamilton*, 274 B.R. 266, 267 (W.D. Tex. 2001) (citing *In re Lucio,* 251 B.R. 705, 708-09 (Bankr. W.D. Tex. 2000))("[W]hen a debtor dies, the only person who can then appear on the debtor's behalf is the person so named as the official representative of the probate estate of the debtor."); Mich. Comp. Laws Ann. § 700.3103 (stating, in relevant part, that "[e]xcept as otherwise provided in article IV, to acquire the powers and undertake the duties and liabilities of a decedent's personal representative, a person must be appointed by the register or by court order, must qualify, and must be issued letters"); Mich. Comp. Laws Ann. § 700.3703(3)(stating that "[e]xcept as to a proceeding that does not survive the decedent's death, a personal representative of a decedent domiciled in this state at death has the same standing to sue and be sued in the courts of this state and the courts of another jurisdiction as the decedent had immediately prior to death").

       Accordingly,

       IT IS ORDERED that the Motion (Docket # 20) is denied.

IT IS FURTHER ORDERED that the filing fee for the Motion is waived.

IT IS FURTHER ORDERED that this Order is without prejudice to the right of a duly appointed personal representative of the deceased Debtor to file a motion seeking the same relief that was sought by the present Motion. The Court expresses no view, at this time, about the merits of any such potential future motion.

**Signed on March 14, 2019**



/s/ Thomas J. Tucker
**Thomas J. Tucker
United States Bankruptcy Judge**